1

2

3

4

5

6

7                        **UNITED STATES DISTRICT COURT**

8                   **WESTERN DISTRICT OF WASHINGTON**

9                              **SEATTLE DIVISION**

10

11 | **STEVE BAUS**, on behalf of himself and all others similarly situated, | No. 2:24-cv-227

12 | Plaintiff, | **CLASS ACTION COMPLAINT**

13 | v. | **DEMAND FOR JURY TRIAL**

14

15 | **NATCAP, INC. D/B/A VANGUARD VEHICLE ARMOR**,

16 | Defendant.

17

18                                  **INTRODUCTION**

19

20        1.      This action arises out of the relentless marketing practices of Defendant, NatCap,

21 Inc. d/b/a Vanguard Vehicle Armor ("Vanguard" or "Defendant") that violate the Telephone

22 Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

23        2.      Vanguard makes telemarketing calls soliciting auto warranty products and services

24 on behalf of third parties.

25        3.      These calls are made to individuals on the National Do-Not-Call Registry.

26

27 CLASS ACTION COMPLAINT – 1

28

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

4.     Vanguard continues to make these calls even after the called party requests that Vanguard cease calling.

5.     It is no surprise that in 2020 and 2021, auto warranty robocalls were the top robocall complaint filed with the FCC by consumers.[1]

6.     The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

7.     The TCPA *also* prohibits making telemarketing calls to a person who, like Mr. Baus, has previously asked not to receive such calls and makes sellers like Vanguard liable for calls in violation of the TCPA's internal do-not-call rules.

8.     Accordingly, Mr. Baus brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10.     This Court has jurisdiction over Vanguard because Vanguard made calls into this District that targeted residents of this District.

11.     Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## PARTIES

12.     Plaintiff Steve Baus ("Mr. Baus") is, and at all times mentioned herein was, a citizen and resident of Woodinville, Washington.

---

[1] https://www.fcc.gov/data-spotlight-top-robocall-complaints-2021 (last accessed Jan. 2, 2024).

CLASS ACTION COMPLAINT – 2

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

13.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     Vanguard is, and at all times mentioned herein was, a California corporation headquartered at [..].

15.     Vanguard is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

16.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

17.     Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

18.     These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

19.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

20.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

21.     The TCPA also specifically required the FCC to "initiate a rulemaking proceeding

CLASS ACTION COMPLAINT – 3

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

22.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.*

23.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

24.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

25.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

26.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

27.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

28.     These policies and procedures prohibit a company from making calls for

CLASS ACTION COMPLAINT – 4

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

telemarketing purposes[2] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

29.     Accordingly, all telemarketing calls violate the TCPA, unless Vanguard can demonstrate that it has implemented the required policies and procedures.

30.     There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> Section 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

31.     These requirements are separate but cumulative.  In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations.  A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

---

[2]  The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

CLASS ACTION COMPLAINT – 5

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

32.     Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls.  *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations").  In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

33.     Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability.  Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

34.     Mr. Baus is the user of cellular telephone number (206)-XXX-2287.

35.     Mr. Baus' cellular telephone number (206)-XXX-2287 is used for residential purposes.

36.     Mr. Baus's cellular telephone number (XXX)-XXX-2287 has been on the National Do-Not-Call Registry since August 14, 2007.

37.     Mr. Baus personally placed his cellular telephone number (XXX)-XXX-2287 on the National Do-Not-Call Registry.

38.     Mr. Baus placed his cellular telephone number (XXX)-XXX-2287 on the National

CLASS ACTION COMPLAINT – 6

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Do-Not-Call Registry because he did <u>not</u> want unsolicited telemarketing calls like the ones at issue in this case.

39.      In 2020, Mr. Baus began receiving unsolicited telephone calls from Vanguard soliciting him to purchase a vehicle warranty.

40.      Vanguard did not properly identify itself as the source of the calls and instead used generic names such as the "Warranty Department."[3]

41.      Upon information and belief, Vanguard used such generic names to avoid a consumer tracing the origin of the illegal telemarking calls back to Vanguard.

42.      At first, Mr. Baus would politely advise Vanguard that he was not interested and terminate the call.

43.      Despite hanging up the phone on Vanguard's representatives, they would continue calling.

44.      On other occasions, Mr. Baus would ask that Vanguard stop calling him.

45.      Despite his requests and instructions, the unwanted and unsolicited calls continued.

**Mr. Baus' First Attempt to Identify the Caller**

46.      In an effort to ascertain the true identity of the caller, Mr. Baus engaged with the caller during a call he received on December 8, 2020, from telephone number (425) 264-8327.

47.      The caller took some basic information then transferred the call to another representative named "Edgar."

48.      Edgar stated that he was personally located in Irvine, California, but did not provide

---

[3] It is a violation of the TCPA to make calls for telemarketing purposes during which the caller fails to provide the called party with "the name of the individual caller, the name of the person or entity on whose behalf the call is being made,  and a telephone number or address at which the person or entity may be contacted.  *See* 47 C.F.R. § 64.1200(d)(4).

CLASS ACTION COMPLAINT – 7

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

the name of the company he worked for.

49.     Edgar continued to solicit Mr. Baus to purchase an auto warranty policy.

50.     He advised that the administrator of the policy would be Matrix Warranty Solutions in Dallas, Texas.

51.     Mr. Baus said that he could not purchase a warranty without speaking with his spouse first.

52.     Edgar advised that was not possible and the deal would need to be completed during the call as he would not be able to call Mr. Baus back.

53.     Edgar then transferred the call to a "supervisor" who also attempted to have Mr. Baus purchase the policy that day, offered a discount, and the ability to cancel the policy within 30 days for a full money back guarantee if he purchased immediately.

54.     At the end of the call, the supervisor stated they could not call back at a later time.

55.     Mr. Baus then terminated the call.

### Mr. Baus' Second Attempt to Identify the Caller

56.     On December 11, 2020 at 10:59 a.m., Mr. Baus received another unsolicited telemarketing call from Vanguard.

57.     This call came from telephone number (425) 264-8327.

58.     The caller did not acknowledge that Vanguard called Mr. Baus a few days earlier.

59.     The caller followed the same script and transferred Mr. Baus to a representative named "Carin."

60.     Mr. Baus requested to see a copy of the proposed policy before purchasing it.

61.     Carin refused to provide a copy of the proposed policy until after Mr. Baus purchased the policy.

CLASS ACTION COMPLAINT – 8

62.     Carin transferred Mr. Baus to a supervisor.

63.     Mr. Baus asked the supervisor if he was with Matrix Warranty Solutions.

64.     The supervisor explained that he was an "agent" of Matrix Warranty Solutions.

65.     The supervisor explained that Vanguard was a "licensed agent" of Matrix Warranty Solutions.

66.     During the call, Mr. Baus purchased the warranty policy, but he only did so because he wanted the calls to stop and that was the only way to learn the caller's identity.

67.     After providing his credit card information, the supervisor advised Mr. Baus that he was with Vanguard.

68.     The supervisor also stated that he was located in Irvine, California.

69.     Mr. Baus told the supervisor that he wanted to review the policy.

70.     The supervisor advised that he could not do that until after it was purchased, but assured Mr. Bause he would have 30 days to cancel the policy.

71.     Following the call, on December 11, 2020, Mr. Baus received an email from "Carin Mackenzie" with Vanguard that included details of the policy he purchased.

72.     Mr. Baus also received a copy of the policy that indicated Vanguard was the company that sold Mr. Baus the policy:

| SELLING COMPANY AND FINANCE COMPANY INFORMATION | |
| --- | --- |
| SELLING COMPANY NAME<br>Vanguard Vehicle Armor | SELLING COMPANY TELEPHONE NUMBER<br>888-684-1273 |
| SELLING COMPANY ADDRESS<br>2312 Park Ave Suite #474, Tustin, CA  92782 | |
| FINANCE COMPANY<br>Mepco | |
| FINANCE COMPANY ADDRESS<br>(Address Not Available) | |

CLASS ACTION COMPLAINT – 9

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

73.     At this point, Mr. Baus confirmed that Vanguard was responsible for the calls he had been receiving soliciting car warranties.

74.     Vanguard had a written agreement with Matrix Warranty Solutions, Inc. that authorized Vanguard to market its service agreements. *See* Exhibit A (Direct Marketing Producer Agreement).

75.     For selling a service agreement, Vanguard was compensated "the difference between the retail price collected by [Vanguard] from the sale of the Service Agreements and the Producer Cost." *Id.* at ¶ 3.

76.     On December 24, 2020, Mr. Baus sent Vanguard a letter complaining about the calls he received.

77.     In addition, Mr. Baus wrote to Vanguard and canceled the policy.  He also requested that Vanguard add him to Vanguard's internal do not call list.

78.     Having received no response, on January 6, 2021, Mr. Baus sent Vanguard a certified letter again requesting cancellation of the policy and requesting Vanguard add Mr. Baus to its internal do not call list.

79.     Despite these clear instructions, Vanguard continued to call Mr. Baus on at least the following dates and from the following telephone numbers:

- January 14, 2021, from (425) 264-8329;

- January 19, 2021, from (425) 470-4577;

- March 9, 2021, from (949) 325-9077;

- March 12, 2021, from (949) 325-9077;

- March 15, 2021, from (949) 325-9077;

CLASS ACTION COMPLAINT – 10

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

- March 18, 2021, from (949) 325-9077 (twice);

- May 10, 2021, from (206) 970-3489;

- May 10, 2021, from (425) 364-5941;

- May 11, 2021, from (206) 970-3486;

- May 13, 2021, from (206) 970-3487;

- May 13, 2021, from (425) 386-8072; and

- May 17, 2021, from (206) 970-3487.

80.     Vanguard's internal records will evidence the dates and times of all of the calls Vanguard placed to Mr. Baus.

81.     Mr. Baus did not provide prior express invitation or permission or consent for these telephone calls.

82.     To the contrary, in response to the unwanted calls, Mr. Baus repeatedly requested that they stop.

83.     Vanguard did not have written do-not-call policies or procedures at the time of the calls it made to Mr. Baus and the classes defined below.

84.     Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Mr. Baus after he directly asked not to be contacted.

85.     Vanguard's violations were negligent.

86.     Alternatively, Vanguard's violations were willful and knowing.

87.     Mr. Baus and the classes were damaged by the violations alleged herein.  Their

CLASS ACTION COMPLAINT – 11

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

privacy was improperly invaded, Vanguard's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls.  Vanguard's telephone calls were annoying and a nuisance, and wasted the time of Mr. Baus and the class members.  *See, e.g., Mims,* 565 U.S. at 372.

## DEFENDANT'S LIABILITY

88.     Vanguard used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

89.     Vanguard made two or more telephone solicitations to Mr. Baus, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

90.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Baus is entitled to $500 per call through 47 U.S.C. § 227(c).

91.     Mr. Baus is entitled to $1,500 per call if Vanguard's actions are found to be knowing or willful.

92.     Vanguard placed two or more telemarketing calls to Mr. Baus, despite not having in place the required policies and procedures prior to making such calls.  This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

93.     Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Baus is entitled to $500 per call through 47 U.S.C. § 227(c).

94.     Mr. Baus is entitled to $1,500 per call if Vanguard's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

CLASS ACTION COMPLAINT – 12

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

95.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," as defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop from four (4) years prior to the filing of the Complaint..

("Policy Class").

(The Registry Class and the Policy Class are together referred to herein as the "Classes.")

96.     Excluded from the Classes are Vanguard and any entities in which Vanguard has a controlling interest; Vanguard's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

97.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

98.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Vanguard and third parties maintain written and electronically stored data showing:

     a.   The time period(s) during which Vanguard or its agent made the telephone calls;

     b.   The telephone numbers to which Vanguard or its agent made telephone calls;

CLASS ACTION COMPLAINT – 13

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

c.  The telephone numbers for which Vanguard had prior express written consent;

d.  The purposes of such telephone calls; and

e.  The names and addresses of Class members.

99.     The Classes are comprised of hundreds, if not thousands, of individuals.

100.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.  Whether Vanguard (or someone acting on its behalf) makes telemarketing calls;

b.  Whether Vanguard (or someone acting on its behalf) obtains prior express written consent;

c.  Whether Vanguard or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

d.  Whether Vanguard had the required policies and procedures prior to making telemarketing calls;

e.  Whether Vanguard's statutory violations were willful and knowing; and

f.  Whether Vanguard should be enjoined from engaging in such conduct in the future.

101.    Plaintiff is a member of the Classes in that Vanguard placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Vanguard to stop, and while his telephone number was on the National Do-Not-Call Registry.

102.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Vanguard's uniform conduct and are based on the same legal theories as these claims.

CLASS ACTION COMPLAINT – 14

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

103.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Vanguard's unwanted calls and suffered a nuisance and an invasion of their privacy.

104.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

105.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

106.    Vanguard has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

107.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

108.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

109.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

110.    Mr. Baus and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

111.    Vanguard made, or had made on its behalf, telephone solicitations to Mr. Baus' and putative Registry Class Members' telephone numbers.

112.    Mr. Baus' and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

CLASS ACTION COMPLAINT – 15

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 ● FAX 608.509.4423
www.turkestrauss.com

113.    Mr. Baus and putative Registry Class Members each received two or more such calls in a 12-month period.

114.    Mr. Baus and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

115.    Mr. Baus and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**

116.    Mr. Baus and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

117.    Vanguard made numerous telephone calls for telemarketing purposes to Mr. Baus' and putative Policy Class Members' telephone numbers.

118.    Vanguard did so despite not having a written policy pertaining to "do not call" requests.

119.    Vanguard did so despite not training their personnel on the existence or use of any internal "do not call" list or policy.

120.    Vanguard did so despite not recording or honoring "do not call" requests.

121.    Vanguard made two or more telemarketing calls to Mr. Baus's and putative Policy Class Members' telephone numbers in a 12-month period.

122.    Mr. Baus and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

CLASS ACTION COMPLAINT – 16

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

123.    Mr. Baus and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Mr. Baus as the representative of the Classes and appointing their counsel as Class Counsel;

B.    An order declaring that Vanguard's actions, as set out above, violate the statutes referenced herein;

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Vanguard from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages;

E.    An award of treble damages; and

F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 20, 2024

s/*Samuel J. Strauss*_____
Samuel J. Strauss, WSBA #46971
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, WI 53703-3515
Tel: 608-237-1775
sam@turkestrauss.com

CLASS ACTION COMPLAINT – 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com



*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT – 18

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com