UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE BAUS,<br><br>                   Plaintiff,<br><br>    v.<br><br>NETCAP, INC. D/B/A VANGUARD VEHICLE ARMOR,<br><br>                   Defendant. | CASE NO. 2:24-cv-00227-LK<br><br>**ORDER ON DEFENSE COUNSEL'S MOTION TO WITHDRAW DIRECTING COUNSEL TO CONTACT PRIMARY DEFENSE COUNSEL AND DIRECTING PARTIES TO FILE A STATUS REPORT** |

Before the Court is defense counsel's January 17, 2025 motion to withdraw. Dkt. 25. Before making a final determination on the motion, the Court ORDERS:

(1) Defense counsel avers Defendant is represented by "primary counsel" in Chicago. Defense counsel shall thus contact, as soon as possible, "primary counsel" in Chicago to advise primary counsel to either appear or arrange for new counsel to represent Defendant herein. Primary counsel shall file a notice of appearance, arrange for new counsel to appear, or explain why neither can be achieved by **February 21, 2025.**

(2) Defense counsel shall file a sealed affidavit or declaration, for the Court's review only, that sets forth with specificity the factual basis of defense counsel's withdrawal motion by **February 20, 2025.**

ORDER ON DEFENSE COUNSEL'S MOTION TO
WITHDRAW DIRECTING COUNSEL TO CONTACT
PRIMARY DEFENSE COUNSEL AND DIRECTING PARTIES
TO FILE A STATUS REPORT - 1

(3)     Counsel for both Plaintiff and Defendant shall jointly file a status report by **February 28, 2025** that addresses Phase I discovery and discovery as to class members and class certification because these discovery matters are related to the withdrawal motion.

Defense counsel's motion to withdraw comes nearly a year after Plaintiff filed a class complaint against Defendant. Dkt. 1. Present defense counsel appeared on April 3, 2024 and filed an Answer and Affirmative Defenses on April 10, 2024. The parties filed a Joint Status Report on June 21, 2024 in which Defendant requested phased-bifurcated discovery. Dkt. 13. Specifically, Defendant proposed limiting discovery to whether (1) Plaintiff provided prior express invitation or permission to receive the December 8, 2020 call; (2) Plaintiff terminated the established business relationship at any time; and (3) Plaintiff reestablished the business relationship by purchasing a new contract on January 19, 2021. Defendant submitted discovery on these matters could be completed within 3 months and upon completion a second phase of discovery regarding Defendant's affirmative defenses and class discovery could proceed. Defendant reasoned this proposal could "narrow potentially dispositive issues" "at the outset of the case prior to costly class discovery." *Id.* at 6.

Although Plaintiff disagreed with Defendant's proposal and request for phased discovery, on July 2, 2024, the Court adopted Defendant's request and limited the first phase of discovery to the three areas Defendant set forth in the JSR above.

Thereafter, defense counsel filed three stipulated motions to extend the Court's discovery deadlines. The first motion filed in September 2024 averred "one of Vanguard's" defense lawyers had a health issue. The second motion and third motions filed in October and November 2024 stated "[t]he parties have continued working on discovery and potential resolution of the case since those Orders [setting and extending the discovery deadlines]."

1   Plaintiff argues in opposing defense counsel's withdrawal motion that Plaintiff has made
2   discovery requests and in response, Defendant produced a single document, a call-log showing
3   Defendant continued to contact Plaintiff after Plaintiff asked Defendant to cease making calls
4   and to place Plaintiff on Defendant's do not call list. Plaintiff further indicates Defendant did not
5   provide any discovery regarding "consent" which was the focus of Defendant's suggestion for
6   Phase I discovery and did not issue any written discovery to Plaintiff despite requesting limited
7   phased discovery. *See* Dkt. 26.

8   On January 17, 2025, defense counsel moved to withdraw on the grounds (1) LCR 83.2
9   permits withdrawal because "discovery does not conclude until August 22, 2025; (2)
10  "professional considerations" "make it unreasonable for counsel to continue its representation of
11  NatCap"; and (3) Defense counsel has advised Natcap it must be represented by counsel and the
12  failure to obtain new counsel may result in the entry of default against it as to each claim
13  Plaintiff has asserted. Dkt. 25.

14  Plaintiff filed a response opposing the motion **if** it is Defendant, Natcap's intent not to
15  engage new counsel and if new counsel fails to enter an appearance **before** the Court grants
16  defense counsel's motion to withdraw. Dkt. 26 at 3. The parties agree that in assessing a motion
17  to withdraw, the Court should consider the reason for withdrawal; whether other litigants will be
18  prejudiced, any harm withdrawal may cause to the administration of justice and the degree to
19  which withdrawal will delay resolution of the case. *See* Plaintiff's Response. Dkt. 26 at 2 citing
20  *pac. Survey Grp, LLC v. Tyche High Seas Cap. Corp.* No.C21-1712-JLR, 2023 WL 4624469 at *
21  2 (W.D. Wash. July 19, 2023); *see* Defendant's Reply at Dkt. 27 at 2.

22  In his response, Plaintiff contends when a corporation, such as Defendant, is not
23  represented by counsel, a default judgment may be entered against the corporation under Federal

ORDER ON DEFENSE COUNSEL'S MOTION TO
WITHDRAW DIRECTING COUNSEL TO CONTACT
PRIMARY DEFENSE COUNSEL AND DIRECTING PARTIES
TO FILE A STATUS REPORT - 3

Rule of Civil Procedure 55. *Id.* at 4. Plaintiff contends a default judgment would prejudice his ability to obtain information needed for class certification, and this inability was caused by Defendant's request in the joint status report request filed on June 21, 2024, to phase or bifurcate discovery, which necessarily delayed class discovery. *Id.* Plaintiff argues "it appears that Defendant is strategically attempting to defend this matter by not participating – which will further delay the action and prejudice Plaintiff and class members." *Id.* at 5. Essentially, Plaintiff is arguing while a default judgment might provide Plaintiff an individual award, a default judgment would terminate this action and thus bar discovery needed to support the class allegations contained in Plaintiff's complaint and needed to certify a class.

Plaintiff further contends the Court should deny the motion because defense counsel fails to cite any reason under the Washington Rules of Professional Conduct that supports withdrawal and articulates no valid reason for withdrawal. *Id.*

In reply, defense counsel raises numerous arguments. First, defense counsel contends a court will rarely force a lawyer to represent a client against his or her will and will "**never** do so in the early stages of discovery." Dkt. 27 at 1. The Court is not required to grant a motion to withdraw in a civil case simply because counsel does not wish to represent a client and instead retains wide discretion in a civil case to grant of deny a motion to withdraw. *Curtis v. Illumination Arts, Inc.* 2013 WL 12107576 at * 2 (W.D. Wash. Oct. 22, 2013). Thus, the Court declines to permit withdrawal on the grounds continued representation is contrary to defense counsel's will or desire.

Second, defense counsel contends discovery will not conclude until August 22, 2025 and thus the Court should grant the motion to withdraw under LCR 83.2 (b) which states "the attorney will normally be permitted to withdraw until sixty days before the discovery cutoff date

in a civil case." Here, defense counsel relies upon the date expert discovery on class certification must be completed—August 22, 2025—but omits the March 25, 2025 deadline for all motions related to fact discovery and the April 25, 2025 deadline to complete fact discovery on class certification, which are respectively 43 and 74 days from February 10, 2025, the date of this order. The parties' pleadings indicate discovery has not proceeded smoothly and is essentially incomplete; the Court accordingly finds permitting withdrawal with so little time to complete significant portions of discovery cuts against granting the motion.

Third, defense counsel claims there is no "nefarious motive" in moving to withdraw and claims he is "merely local counsel with Natcap's primary counsel being located at a large law firm in Chicago, Illinois." Present defense counsel filed a notice of appearance in April 2024, is the only lawyer who has appeared for Defendant, and thus **is** Natcap's lawyer, not merely "local counsel" as the term is used in *pro hac vice* applications under LCR 83.1(d). Defense counsel avers Natcap's primary lawyer is located in Chicago. The Court therefore cannot see any reason why primary Chicago counsel has not appeared or applied to appear *pro hac vice*, or has not taken steps to ensure that new counsel for Natcap makes an appearance in this matter before withdrawal is permitted. The Court further notes Plaintiff did not allege defense counsel has acted with nefarious intent. Rather Plaintiff opposes the motion as unsupported and because a default judgment in favor of Plaintiff as an individual would prejudice Plaintiff by barring Plaintiff's attempt to identify class members via discovery and to certify this matter as a class action.

Fourth, defense counsel contends Plaintiff should not be concerned a default judgment will prevent discovery of class members and prevent certification of a class action. Defense counsel argues "Plaintiff can still serve class discovery on Natcap and third parties regardless of

whether Natcap is represented by counsel, i.e., defaults, citing *Yang v. Assisted Credit Serv., Inc.,* 2017 WL 9939692 at * 1 (C.D. Cal. July 27 2017). However, the *Yang* case does not address Plaintiff's concerns because it involved a case in which a class had already been certified, and the only issue before the Court was whether the class notice should be approved. In contrast, a class has not been certified in this case because discovery on the issue was delayed at Defendant's request. Plaintiff's concern is discovery regarding a class will never occur following a default judgment in favor of the individual Plaintiff. This concern is not without merit. A court may allow discovery to determine damages after the entry of default, but that does not throw the door open to matters such as whether a class should be identified and certified.

Fifth, Plaintiff contends he cannot ethically disclose the reasons for withdrawal but that the "general factual background underpinning the withdrawal request include he is merely local counsel and Defendant's primary lawyer is in Chicago; he has never spoken with anyone at Natcap or had any communications with Natcap other than submitting invoices for services; he has not received payment for his legal services; Natcap intends to file for bankruptcy; and counsel's attempts to reach out for purposes of this motion have been unsuccessful.

Washington Rules of Professional Conduct (RPC) 1.16 governs the termination of representation. Under RPC 1.16(a) a lawyer **must** withdraw if representation violates the RPCs or other law; the lawyer is physically or mentally unable to represent the client; or the lawyer is discharged. Defense counsel has not indicated that he is required to withdraw under this section.

Under RPC 1.16(b) a lawyer **may** withdraw if withdrawal has no adverse impact on the client; a client persists in fraudulent or criminal behavior; insists on actions counsel deems repugnant or which counsel has fundamentally disagrees with; the client has failed to fulfill obligations regarding counsel's services; representation will result in an unreasonable financial

burden or has been rendered unreasonably difficult by the client; or of there is any other good cause for withdrawal. Ostensibly, defense counsel seeks to withdraw under this section.

The Court notes that even when a lawyer may have permissive grounds to withdraw, the RPC does not permit an attorney to freely withdraw from representation at any time. Rule 1.16(c) requires lawyers to "comply with applicable law requiring notice to or permission of a tribunal when terminating a representation" and to "continue representation notwithstanding good cause for terminating the representation" when "ordered to do so." Under the Local Civil Rules, no attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court. LCR 83.2(b)(1). Importantly, unless the attorney-client relationship "is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client." Wash. R. Prof. Conduct 1.3 cmt. 4; *see also In re Disciplinary Proceeding Against DeRuiz*, 99 P.3d 881, 889 (Wash. 2004) ("A lawyer has a duty to carry through to conclusion all matters undertaken for a client.

Here, as grounds to withdraw, defense counsel indicates he has never spoken with anyone at Natcap and has had no communications with his client other than submitting invoices for legal services which have gone unpaid. This appears to be at odds with the fact defense counsel was retained and appeared on behalf of Defendant; filed an answer and affirmative defenses on behalf of Defendant, filed a JSR on behalf of Defendant; and filed numerous motions to extend deadlines on Defendant's behalf. Notwithstanding this, it would appear defense counsel is indicating he should be allowed to withdraw because his client has failed to fulfill obligations regarding payment for counsel's services and that representation has been rendered unreasonably difficult because his client will not communicate with him. Counsel has not indicated continued representation will result in an unreasonable financial burden.

Defense counsel's motion presents a difficult issue. On the one hand, defense counsel has represented Natcap since April 3, 2024, filed an answer and several pleadings on behalf of Defendant. Defense counsel's January 2025 motion to withdraw has placed Plaintiff into a position in which the Phase I discovery appears to be far from complete, and Phase II discovery regarding identifying class members and class certification has not occurred. Plaintiff thus has legitimate concerns that if defense counsel is permitted to withdraw, and Defendant fails to retain new counsel, default would be entered in favor of Plaintiff as an individual and Plaintiff's class action would proceed no further.

On the other hand, defense counsel's representation that his client has not made payment for the services he has rendered and his attempts to reach out to Natcap executives have been unsuccessful indicate there may be permissive grounds to permit withdrawal under RPC 1.16(b).

Before the Court makes a final determination on defense counsel's motion to withdraw, the Court hereby ORDERS:

(1) Present defense counsel is still counsel of record and is thus still required to represent Natcap as required by the Washington Rules of Professional conduct and pending any final order from the Court on his motion to withdraw.

(2) Defense counsel avers Natcap's primary counsel is in a large law firm in Chicago. Defense counsel shall thus contact primary counsel in Chicago and inform primary counsel that he or she must file a notice of appearance, if admitted in the Western District of Washington, seek to proceed *pro hac vice*, if he or she is not admitted, or to arrange for alternative new counsel to appear on behalf of Natcap in this matter. Primary counsel in Chicago shall file a notice of appearance or have alternative counsel appear for Natcap or explain why neither can be accomplished no later than **February 21, 2025.** If primary counsel in Chicago advises present

defense counsel that he or she no longer represents Natcap and cannot appear on behalf of Defendant, defense counsel should so advise the Court and indicate whether there are other lawyers who will agree to represent Natcap herein by **February 24, 2025.**

(3)     Defense counsel shall file under seal, and for the Court's review only, a sealed affidavit or declaration in support of his motion to withdraw. The affidavit or declaration shall set forth with particularity the factual basis in support of the motion to withdraw. The Court will order additional *in camera* review or hearings if deemed necessary. Defense counsel shall file the sealed affidavit or declaration no later than **February 20, 2025.**

(4)     Defense counsel's motion to withdraw and Plaintiff's opposition is intertwined with the failure to complete Phase I discovery, the lack of discovery regarding class members and class certification, and the procedural posture of the case in which a class has not yet been certified.

Thus, to assist the Court in its consideration of the motion to withdraw, the parties shall jointly submit a status report on the following issues: First can the parties agree on the three areas that are the subject of discovery allowed under Phase I: Did Plaintiff give prior express invitation or permission to receive the December 8, 2020 call; did Plaintiff end the business relationship at any time; and did Plaintiff reestablish the business relationship by buying a new contract on January 19, 2021. And second, can the parties agree on completing discovery regarding class members and certification, which Plaintiff has indicated has already been served on Defendant, regarding potential class members to address Plaintiff's concerns that withdrawal will prevent Plaintiff from obtaining information needed for class certification.

The parties shall submit the joint status report by **February 28, 2025.**

(5)     The Clerk of Court shall renote the motion to withdraw, Dkt. 25, for **March 5, 2025**, as ready for consideration by the undersigned United States Magistrate Judge.

DATED this 10th day of February, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge